WILSON v. JOHNSTON.

(Supreme Court, Appellate Term.  March 15, 1910.)

1. JUDGMENT (§ 73*)—STIPULATION FOR JUDGMENT.

Plaintiff sued defendant for $500 for breach of a contract to act as manager of a pianist and pay plaintiff a portion of the gross receipts. Before trial, defendant's attorneys wrote plaintiff's attorneys, proposing that the pianist should accompany an orchestra at $60 per week and expenses, and, if he should not have earned $500 during the tour, defendant would procure other engagements netting him the difference, or pay the difference, and, on defendant's failure to do so, plaintiff might apply for judgment on two days' notice for such amount.  Plaintiff's attorneys replied that the proposition was satisfactory only if modified, so that the sum due plaintiff be fixed at $500, with interest from a date named, and that such amount should be paid by defendant, through plaintiff's attorneys, by the $60 per week payable to the pianist and 80 per cent. of receipts from other engagements, the same to be paid by a date named, or judgment taken for the balance, and that the agreement of settlement was not to depend on the pianist conforming to the agreement, and the matter was settled on the basis of these letters.  *Held*, that a motion for judgment for failure to pay plaintiff should not be denied, and a reference ordered upon disputed questions of fact, on allegations by defendant's attorneys that the pianist refused to play unless the salary was paid directly to him, and that he was paid a specified sum, and thereafter refused to appear at further performances, the nonpayment not being denied, and that an affidavit filed by plaintiff's attorneys, made by the pianist, alleging nonpayment for his services, was immaterial.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 130; Dec. Dig. § 73.*]

2. JUDGMENT (§ 73*)—STIPULATIONS—MOTION FOR JUDGMENT—GROUNDS FOR DENIAL.

The motion for judgment should not have been denied, because it did not appear that plaintiff's attorneys had authority to make the stipulation, and the affidavits accompanying the motion for judgment were improperly authenticated, and the stipulation with reference to the services of the pianist was against public policy.  He being a minor, so that his services could not be procured by a stranger without indenture, defendant did not deny the authority of his attorneys, and the affidavits might be entirely disregarded, and the agreement was expressly made not to depend upon defendant actually obtaining the services of the minor.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 130; Dec. Dig. § 73.*]

Appeal from City Court of New York, Special Term.

Action by John Sharp Wilson against Robert E. Johnston.  From an order directing a reference, plaintiff appeals.  Reversed.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Maloney & Harding (Edmund F. Harding, of counsel), for appellant.

House, Grossman & Vorhaus (Moses H. Grossman and Charles Goldzier of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J.   The plaintiff herein brought an action against the defendant for the sum of $500 for a breach of a contract whereby the defendant agreed to act as manager for a pianist and to pay a proportion of the gross receipts from performances to the plaintiff.   It appears from the affidavit of the plaintiff's attorney that, when the action was reached for trial, negotiations for a settlement were entered into and concluded upon the basis of letters exchanged by the attorneys for the parties.   The first letter written by the defendant's attorneys proposed that Chabot should accompany the Dresden Orchestra upon a tour, and receive for his services $60 a week and board and traveling expenses, and, if he should not have earned the sum of $500 upon this tour, then the defendant would agree to procure other engagements at concerts within 30 days thereafter to net him the difference between the sum earned and $500, or would pay the difference, and, in case the defendant should fail to pay such sum, "then the plaintiff is to have the right to apply for judgment on two days' notice for such amount."   The plaintiff's attorneys answered that this proposition was satisfactory—

"only if modified, so that the sum due to Judge Wilson is fixed at $500, with interest thereon from December 1, 1907, to date; that this is to be paid by Mr. Johnston to Judge Wilson, through us, by the $60 per week payable to Chabot, and by 80 per cent. of the receipts from any other engagements you may procure for him; and that, if finally paid by June 10th, this action is to be discontinued without costs, and, if not finally paid, plaintiff may apply for judgment for the balance and interest and costs on two days' notice.   Judge Wilson is a lawyer, and his main interest is his solicitude for his protege's career; Mr. Johnston having assured him that he is a marvel.   He cannot give his time to having the boy conform to Mr. Johnston's management; but he will use his influence at all times, and has no doubt that all engagements under Mr. Johnston's auspices will be met by Chabot.   But our agreement of settlement is not to be in any wise dependent upon the boy's so doing.   That must be covered, if any further assurance is wanted, by an agreement directly with the boy, or his father, in substance such as we have already sent you, or the boy's father could agree with Mr. Johnston for the boy to conform to the terms of your letter of March 17th and of this reply letter thereto."

The defendant's attorneys agreed that the matter was closed on the basis of these letters.   It appears quite evidently from these letters that the basis of the settlement was to be a payment made to the plaintiff through his attorneys, and that it was expressly agreed that payment to Chabot was not sufficient, and that the settlement was in no wise dependent upon Chabot's agreeing to perform the services; but defendant was required to obtain this assurance, if he desired it, by contract with him or his father.   Upon this stipulation the plaintiff has moved for judgment upon two days' notice, showing by the affidavit of one of his attorneys that no payment has been made through them.   Annexed to this affidavit are affidavits, taken in Pennsylvania by Chabot and the plaintiff, which purport to show that no payments have been made to either of them, and that Chabot has performed services on the projected tour.   The defendant in no wise denies the allegations of the affidavit made by plaintiff's attorney as to the stipulation, or as to nonpayment to plaintiff through his attorneys, but alleges that Chabot refused to play on the tour unless the salary was paid directly to him, and that he has paid him $195 as salary, and that Chabot re-

fused to appear at further performances. The justice at Special Term thereupon ordered a reference upon the disputed questions of fact.

In view of our interpretation of the stipulation, such an order was improper, because there is no dispute of fact upon any material point. It is true that the attorney, perhaps to show good faith, has added an affidavit of Chabot to show that defendant has not paid him for services which he has performed; but this affidavit is immaterial, for the defendant's stipulation was to pay the amount to plaintiff, through his attorneys, in any event, and regardless of performances by Chabot. The order of reference was therefore improper. The defendant, however, now contends that in any event the plaintiff's motion for judgment should have been denied, because it does not appear that his attorneys had authority to make the stipulation, because the affidavits from Pennsylvania are improperly authenticated, and because the stipulation is against public policy, since it provides for the services of a minor to be secured by a stranger without indenture.

None of these objections are tenable. Conceding, without deciding, that an attorney as such has no authority to bind his client by such a stipulation, in this case the defendant not only does not deny that they had the authority, but his affidavit affirmatively shows that he either authorized or ratified the settlement. Further conceding that the affidavits from Pennsylvania are not properly authenticated, they may be entirely disregarded without injury to the plaintiff's motion. Chabot's affidavit is, as I have pointed out, entirely immaterial, and the plaintiff's own affidavit as to nonpayment would be material only if the defendant claimed that, while he had not paid plaintiff according to his stipulation through his attorneys, he had paid the money directly to him; but defendant makes no such claim. The stipulation was not against public policy, because it expressly provided that it was not dependent upon defendant's actually obtaining the services of the minor, but that this must be arranged by separate agreement between the proper parties.

The order of reference should therefore be reversed, with costs and disbursements, and the motion granted, with $10 costs. In view of this decision, we need not consider the appeal from the motion to strike out an affidavit, and dismiss that appeal, without costs to either party. All concur.